**UNITED STATES of America**

v.

**Frank SALA and Codie Simpson, Jr..
Crim. A. No. 62–205.**

United States District Court
W. D. Pennsylvania.

Oct. 1, 1962.

---

Joseph S. Ammerman, U. S. Atty., Pittsburgh, Pa., for the United States.

James A. Ashton, Pittsburgh, Pa., for Sala.

Byrd R. Brown, Pittsburgh, Pa., for Simpson.

DUMBAULD, District Judge.

## ADJUDICATION

Defendants, indicted under 26 U.S.C. § 5604(a) (1) for transporting distilled spirits not properly stamped (an offense punishable by a fine of not more than $10,000.00 or 5 years imprisonment, or both; and hence a felony), have filed motions to suppress as evidence some forty (40) gallons of distilled spirits seized by Alcohol Tax agents and taken from a motor vehicle driven by defendant Sala. After hearing evidence and argument of counsel, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. On May 7, 1962, Alcohol Tax agents observed a red panel truck owned by a known moonshiner stationed at a locality on a dead-end street, Oak Avenue, in East Pittsburgh Borough, Allegheny County, Pennsylvania.

2. On that occasion defendant Simpson arrived in a Ford and assisted the known moonshiner in unloading cartons from the truck and taking them into the basement of the building.

3. While the cartons were being carried into the building, the agents could hear the sound of jugs clinking together, with the sound customarily associated with filled containers rather than that of empty containers.

4. On May 15, 1962, the date of the events involved in the instant case, the agents saw the same truck stationed at the same spot. On this occasion, however, the known moonshiner was not present, but the truck was driven by defendant Sala.

5. The agents observed defendant Simpson arrive in another vehicle. This vehicle was later found to contain empty jugs.

6. After defendant Simpson came to the scene, the agents saw the truck driven by defendant Sala change its position and drive up to where defendant Simpson was standing.

7. Defendants Sala and Simpson were observed engaged in conversation with each other. During this conversation, the agents moved on foot toward the truck.

8. The agents through the window of the truck observed that it was carrying

cartons in which there were jugs which they observed to be filled with liquid. The jugs and containers were of the kind ordinarily used in moonshining operations.

9. Upon arriving, after having made these observations, at the place where the defendants were engaged in conversation, one of the agents displayed his credentials and said "Federal officers".

10. Upon hearing these words spoken, defendant Simpson fled down the street and was pursued by the agent who had displayed his credentials and identified the agents as federal officers.

11. The agent in pursuit of defendant Simpson apprehended and arrested him at a point some distance away from the two motor vehicles involved, and returned with said defendant to the scene.

12. Meanwhile, another agent had spoken to defendant Sala and asked what he was carrying. Defendant Sala replied that he was carrying moonshine.

13. The agent interrogating Sala then opened the door of the car and tasted and smelled the contents of the jug, identifying them as moonshine. The agent interrogating defendant Sala thereupon placed defendant Sala under arrest.

14. At all relevant times the agents had no search warrant, but did have a so-called "John Doe" warrant describing by physical characteristics the defendant Simpson.

### Conclusions of Law

■ 1. The search by the agent of the truck driven by defendant Sala cannot be justified in virtue of the warrant for the arrest of defendant Simpson; since Simpson was arrested at a point distant from said vehicle and defendant Simpson had no control over said vehicle.

2. Said search cannot be justified as incident to the arrest of defendant Sala; since said search had been completed before said defendant was placed under arrest.

■■ 3. Said search must be justified, if at all, upon the basis that the agents had probable cause for such search by reason of facts and circumstances known to them which would warrant a prudent man in believing that a felony had been or was being committed in their presence. Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134. To establish probable cause the same quantum of evidence required to establish guilt is not necessary; on the other hand, mere good faith on the part of the officers is not enough. The test is probable cause.

■ 4. The test of probable cause was met in the instant case by reason of the facts and circumstances known to the agents at the time of the search. Such facts and circumstances include, inter alia, the facts that the defendants had seen transportation take place when the truck moved up to where defendant Simpson was standing; the fact that this truck belonged to a known moonshiner and had been used at the same place for the delivery of jugs filled with liquid; that defendant Simpson had associated with and assisted said known moonshiner on that previous occasion; the fact that said Simpson fled upon hearing the words "Federal officers" spoken; the fact that before the search the officers, by looking through the window of the truck and without committing any trespass, had observed jugs filled with liquid inside the truck; and the fact that before the search was made the defendant Sala, the driver of the truck, admitted upon interrogation that he was transporting a load of moonshine. All of these circumstances, considered together, suffice to constitute probable cause for the search at the time when the agent interrogating Sala opened the door and searched the truck.

5. This case is distinguishable from U. S. v. Griffin, W.D.Pa. No. 61–184 (Criminal), recently decided by Judge McIlvaine, in that case the officers reached into the automobile and examined the defendants' shopping bags at a time when they could not see the contents of the shopping bags before committing an unauthorized search or trespass.

6. The motions for suppression of evidence should be denied (defendant Sala's alternative request to quash the indictment having been withdrawn at the hearing).